# WINTER SESSIONS, 1904.

———•———

STATE *vs.* WILLIAM SMITH and SAMUEL BIRD.

*Criminal Law—Larceny—Witnesses—Husband and Wife—Indictment, joint—Severance—Wife of one Defendant may Testify for the Other—Evidence—Statute.*

1. Two defendants being jointly indicted for a criminal offense, one of them is not entitled to a severance at the trial in order that the wife of the other might be a witness for him.

2. At the trial on the joint indictment the wife of one of the defendants may testify in behalf of the other, but not in any way for her husband.

(*February 3, 1904.*)

LORE, C. J., and BOYCE, J., sitting.

*Herbert H. Ward*, Attorney-General, for the State.

*David J. Reinhardt* for the defendants.

Court of General Sessions, New Castle County, February Term, 1904.

The defendants were indicted jointly for LARCENY.

*Reinhardt*, for defendants, moved for a severance, on the ground that the wife of the defendant Bird was a very important witness on behalf of the other defendant, Smith, and if the defendants were tried jointly and Mrs. Bird was prevented from testifying in the case by reason of being the wife of one of the defendants, it would be greatly to the prejudice of the defendant Smith.

*Roscoe's Criminal Ev., 191; Clark's Crim. Procedure, 431; U. S. vs. Addate, 6 Blatch., 76.*

LORE, C. J. :—We think there ought not to be a severance on the ground stated.

At the trial of the case on February 4, Ella Bird, wife of the defendant, Samuel Bird, was produced as a witness for the defendant Smith ; *Reinhardt,* counsel for defendants, stating to the Court that his object in offering Mrs. Bird was to prove an *alibi* for Smith and that he did not propose to ask her any question concerning the other defendant, her husband.

*Ward,* Attorney-General, objected to the competency of the witness on the ground that as the two defendants were jointly indicted, any testimony that she might give for the benefit of Smith would also tend to benefit her husband, the other defendant.

LORE, C. J. :—We understand that the defense here is an *alibi* and that this witness is offered as to the defendant Smith only ?

*Mr. Reinhardt :*—As to Smith only ; not in the slightest as to Bird.

BOYCE, J. :—We think that this witness is competent to testify on behalf of Smith, but not in any way as to Bird.

The witness then testified as follows :

*By Mr. Reinhardt :*
Q.   Do you remember the snowy Friday afternoon of January eighth last ?
A.   Yes, sir.
Q.   Was Mr. Smith, one of the defendants, at your house on that afternoon ?
A.   Yes, sir.

Q. What time did he leave your house?

A. About four o'clock I guess.

Q. Did he come back that night?

A. No, sir.

Q. When did he come back?

A. He came back the next morning.

Q. That was what morning?

A. Saturday morning.

Q. About when did you see him on Saturday morning?

A. About seven or half past seven.

Q. With whom was he?

A. By himself.

Q. Was Mr. Bird about?

A. Yes, sir.

Q. Did Mr. Smith, one of the defendants, bring any chickens to your house on the night of January eighth, Friday?

A. No, sir.

Q. Did he ever bring any chickens to your house?

A. No, sir; he did not.

Q. Whose feathers were those in the two upstairs rooms in your house?

(Objected to by the Attorney-General as immaterial.)

BOYCE, J.:—We sustain the objection as to the feathers. They were not in Smith's possession according to the testimony in this case.

Q. Did William Smith put those feathers there in those rooms?

(Objected to by the Attorney-General.)

BOYCE, J.:—We sustain the objection.

Q. Did you stand in market last summer?

A. Yes, sir.

Q. Do you own chickens of your own?

(Objected to by the Attorney-General as incompetent.)

BOYCE, J.:—The objection is sustained. The testimony must be confined to the defendant Smith. The wife cannot testify in behalf of the husband.

(The Court gave the usual charge in larceny cases.)

Verdict, guilty.